

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-17-00242-CR**

**TREVON FREEMAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court No. C36553-CR**

**OPINION**

Trevon Freeman appeals from a conviction entered after a revocation of his deferred adjudication community supervision. Freeman complains that the trial court's written judgment erroneously requires him to pay restitution that was not included in the trial court's oral pronouncement of his sentence, that the trial court erred by admitting testimony by an expert that was not disclosed pursuant to Article 39.14 of the Code of Criminal Procedure, and that the admission of the expert testimony violated his due

process rights. Because we find that the judgment should be reformed to delete the order of restitution but find no other reversible error, we affirm the judgment of the trial court as reformed.

**RESTITUTION ORDER**

The written judgment of conviction orders Freeman to pay restitution in the amount of $180.00 to the Department of Public Safety. In its oral pronouncement of sentence, the trial court ordered Freeman to pay "the original court costs and fines," but made no reference to restitution. Although the trial court included restitution in the amount of $180.00 in the order of deferred adjudication, the subsequent judgment adjudicating Freeman's guilt set aside that order. *See Taylor v. State*, 131 S.W.3d 497, 499-500 (Tex. Crim. App. 2004). The trial court did not orally pronounce an order for restitution when appellant was sentenced following adjudication of guilt. The trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict. *Taylor*, 131 S.W.3d at 500, 502. Because the trial court did not include an order for restitution in its oral pronouncement when Freeman was adjudicated guilty, we must reform the judgment to delete the restitution order. *See id*. at 502.[1] Accordingly, we

---

[1] The State argues that this Court should overrule Freeman's issue and require him to file a motion to modify or for a *nunc pro tunc* in the trial court, which is a remedy that this Court has suggested but not required as a more efficient remedy in previous appeals. *See, e.g., Branch v. State*, No. 10-16-00383-CR, 2017 Tex. App. LEXIS 7355, fn.3 (Tex. App.—Waco Aug. 2, 2017, no pet.). We are not going to refuse to modify the erroneous judgment solely because Freeman did not avail himself of a different procedure that is not mandatory.

reform the judgment adjudicating guilt to delete the $180.00 restitution payable to DPS. TEX. R. APP. P. 43.2(b).  We sustain issue one.

**CODE OF CRIMINAL PROCEDURE ARTICLE 39.14 AND DUE PROCESS VIOLATION**

In his second issue, Freeman complains that the trial court erred by allowing testimony by an expert that was not disclosed pursuant to Article 39.14(b) of the Code of Criminal Procedure that related to one violation of his community supervision, assault of a family member by occlusion.[2]  In his third issue, Freeman complains that his due process right to be able to prepare a defense was violated by the State's failure to disclose the identity of the expert witness.  The amended motion to adjudicate filed by the State alleged five violations of Freeman's community supervision:  (1) assault of a family member by occlusion, (2) failure to pay community supervision fees, (3) failure to pay court costs, (4) violation of a protective order, and (5) possession of a firearm.  The trial court found violations (1) and (5) to be true, and the other three alleged violations to be not true.

Freeman's complaints both relate to the trial court's allowance of the testimony of an undisclosed expert witness who testified primarily about common reasons and motivations for recantation by victims in domestic violence prosecutions.  The testimony

---

[2] Article 39.14(b) of the Code of Criminal Procedure requires the disclosure of expert witnesses upon a request made "not later than the 30th day before the date that jury selection in the trial is scheduled to begin, or, in a trial without a jury, the presentation of evidence is scheduled to begin…" and the disclosure is required not later than 20 days before that date.  TEX. CODE CRIM. PROC. ANN. art. 39.14(b).

of the expert witness was related solely to the first violation that was found to be true by the trial court. The alleged victim of the assault had attempted to recant her accusation against Freeman and did not want to participate in the prosecution of the revocation or the underlying offense.

In this appeal, Freeman has not raised any issue concerning the trial court's judgment regarding the violation of possession of a firearm. Our review of the record does not reveal the trial court abused its discretion in revoking Freeman's community supervision on this ground. Because of this, we will not address Freeman's issues two and three in this appeal since one sufficient ground for revocation will support the court's decision to revoke community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (no need to address appellant's other contentions since one ground appellant did not address supported trial court's revocation order); *Gobell v. State*, 528 S.W.2d 223 (Tex. Crim. App. 1975) (trial court's revocation of probation was proper because, even if appellant's contentions were correct, his revocation was based on two offenses and he challenged only one); *see also Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Because the trial court's revocation was not improper, it is not necessary to the disposition of this appeal to reach Freeman's second and third issues. *See* Tex. R. App. P. 47.1. We overrule issues two and three.[3]

---

[3] The State argued to the trial court that Article 39.14 does not apply to revocation proceedings, but in this appeal, the State limits its argument to Article 39.14(b) relating to the disclosure of experts. This opinion is

## CONCLUSION

Having found that the judgment should be reformed to delete the order of restitution but no other reversible error, we reform the judgment to delete the order of restitution in the amount of $180.00 payable to DPS and otherwise affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as reformed
Opinion delivered and filed July 25, 2018
Publish
[CR25]



---

not to be construed to be an approval of the State's contentions, especially as to the applicability of the entirety of Article 39.14 in revocation proceedings.