

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00212-CR

JENNA ELISE WALTON,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2014-2304-C2**

# MEMORANDUM OPINION

Appellant Jenna Elise Walton entered a plea of guilty to the offense of aggravated perjury. The trial court placed Walton on four years' deferred adjudication probation and assessed a fine of $750.00. The State subsequently moved to adjudicate Walton's guilt after she violated the terms of her probation. Walton entered a plea of true to allegations two through thirteen in the State's first amended motion to adjudicate guilt, and the trial court sentenced Walton to two years' incarceration. The written judgment adjudicating guilt reflects that the trial court additionally imposed a $750.00 fine. Although, as noted,

the trial court included a $750.00 fine in the order of deferred adjudication, the subsequent judgment adjudicating Walton's guilt set aside that order. *See Taylor v. State*, 131 S.W.3d 497, 499-500 (Tex. Crim. App. 2004).

In one point of error, Walton asserts that the trial court erred by assessing a fine in the written judgment because the trial court did not orally pronounce a fine as part of Walton's sentence after adjudicating her guilt.[1]  The State concedes that there was no oral pronouncement of a fine, which our review of the record confirms.

When there is a conflict between the oral pronouncement of a sentence and the sentence in the written judgment, the oral pronouncement controls.  *Taylor*, 131 S.W.3d at 500; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *Freeman v. State*, 554 S.W.3d 816, 817 (Tex. App.—Waco 2018, no pet.).  Because the trial court did not orally pronounce the imposition of a fine when Walton was adjudicated guilty, the trial court erred in including a fine in the judgment.

Accordingly, we modify the judgment adjudicating guilt to delete the $750.00 fine. We affirm the judgment as modified.


REX D. DAVIS
Justice

---

[1] Walton's attorney filed an *Anders* brief and a Motion to Withdraw as Attorney of Record on January 2, 2019.  On March 6, 2019, Walton's attorney filed a "Notice that Counsel Wishes to Withdraw His Previously Filed *Anders* Brief and Motion to Withdraw and That Counsel Intends to File a Brief on the Merits Later Today."  As Walton's Amended Brief was also filed on March 6, 2019, the Motion to Withdraw as Attorney of Record is dismissed.

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed as modified
Opinion delivered and filed April 17, 2019
Do not publish
[CR25]

