

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00014-CR

**COURTNEY WASHINGTON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2017-339-C1**

## MEMORANDUM OPINION

Appellant Courtney Washington was placed on three years' deferred adjudication after pleading guilty to assault, family violence (Count One) and evading arrest or detention (Count Two). The State later filed Motions to Adjudicate Guilt as to both counts. At a hearing on the State's motions, Washington entered pleas of "true" to ten out of eleven allegations related to Count One and five out of six allegations related to Count Two. The trial court then sentenced Washington to five years' incarceration in the Texas Department of Criminal Justice—Correctional Institutions Division on Count One and twenty-four months' incarceration in a state jail facility on Count Two, with

both terms to be served concurrently. We will affirm the trial court's judgments as modified.

Washington's appointed counsel has filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Washington did not file a *pro se* response to the *Anders* brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, the appellate court is obligated to undertake "a full examination of all the proceedings," and "decide whether the case is wholly frivolous." *Id.* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). Only then may the appellate court grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

Despite concluding that this appeal is frivolous, Washington's appointed counsel noted and briefed alleged errors in both judgments, specifically that a $750 fine imposed in each judgment should be deleted because the fines were not orally pronounced at sentencing. The State indicated in a letter to the Court that no brief would be submitted in response to Washington's appellate brief but noted that Washington's request to modify the judgments to delete the fines is determinable from the record. Because counsel has raised an issue that effects the punishment in this case, we will treat the

*Anders* brief as a brief on the merits and address the alleged error. *See Hines v. State*, Nos. 10-13-00286-CR, 10-13-00292-CR, 2014 WL 2466562, at *1 (Tex. App.—Waco May 29, 2014, pet ref'd) (mem. op., not designated for publication).

A review of the record supports Washington's request for modification. A defendant's sentence must be pronounced orally in his presence, and the oral pronouncement controls when there is a conflict between the oral pronouncement and the written memorialization of sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a); *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). While a fine was imposed in the original judgments placing Washington on deferred adjudication, it was not orally pronounced as part of Washington's sentence after the trial court adjudicated his guilt. *See Taylor*, 131 S.W.3d at 500 (defendant placed on deferred adjudication has not been found guilty, convicted, or sentenced, and when adjudicated, his sentence must be orally pronounced in his presence); *see also Freeman v. State*, 554 S.W.3d 816, 817 (Tex. App.—Waco 2018, no pet.).

An appellate court has authority to correct a trial court's judgment when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we will modify each of the judgments to delete the $750 fine.

The trial court's judgments are each affirmed as modified. Counsel's motion to withdraw from representation of Washington is denied as moot.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed as modified; motion denied
Opinion delivered and filed March 16, 2022
Do not publish
[CR25]

