

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00023-CR
### No. 10-22-00024-CR

**NICHOLAS DAVID HOYT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court Nos. D41235-CR and
### D41237-CR

## MEMORANDUM OPINION

Nicholas David Hoyt was convicted of ten counts of possession with the intent to promote child pornography (appellate case number 10-22-00023-CR/trial court case number D41235-CR) and ten counts of possession of child pornography (appellate case number 10-22-00024-CR/trial court case number D41237-CR).  Hoyt was sentenced to 11 years in prison on Counts 1-10 in trial court case number D41235-CR, 5 years in prison on

Counts 1-9 in trial court case number D41237-CR, and 10 years in prison, probated for 10 years, on Count 10 in trial court case number D41237-CR. The trial court cumulated those sentences so that the 11-year sentences in the ten-count indictment in D41235-CR would run first, followed by the 5-year sentence for Counts 1-9 in D41237-CR, and then followed by the 10-year-probated-ten-years sentence for Count 10 in D41237-CR. Because jury charge error, related to the instruction regarding a presumption, in trial court case number D41235-CR was egregious, the trial court's judgment in trial court case number D41235-CR is reversed and that case is remanded to the trial court. Because jury charge error regarding unanimity, in both cases, was not egregious and because the trial court's oral pronouncement of sentence for both trial court cases was properly memorialized in the judgment, the trial court's judgment in trial court case number D41237-CR is affirmed.

BACKGROUND

Images of child pornography were flagged by cyber-crime tips to authorities in Collin County in March of 2016. An investigation by the National Center for Missing and Exploited Children then began. The tips linked the images flagged to an IP address associated with a residence in Navarro County where Hoyt and others lived. Email addresses, which included part or all of Hoyt's name, were also linked to the tips. Search warrants were issued for the physical address, and Hoyt's cell phone and desktop computer were seized. Images of child pornography were located on both the phone and the computer.

## JURY-CHARGE ERROR

In his first two issues, Hoyt complains the trial court committed errors in the jury charge. Specifically, Hoyt complains in his first issue that the trial court failed to include a Texas Penal Code Section 2.05 instruction in the charge in appellate case number 10-22-00023-CR/trial court case number D41235-CR on the use of a statutory presumption and complains in his second issue that the court's charge allowed nonunanimous verdicts in both cases. Hoyt did not object to either alleged error. The State concedes error as to both complaints but argues the errors were harmless.

### *Standard of Review*

In reviewing a jury-charge issue, if error is found, the appellate court must analyze that error for harm. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If error was not preserved at trial by proper objection, a reversal will be granted only if the error presents egregious harm, meaning the defendant did not receive a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

In examining the record for egregious harm, we consider 1) the complete jury charge, 2) the arguments of counsel, 3) the entirety of the evidence, including the contested issues and weight of the probative evidence, and 4) any other relevant factors revealed by the record as a whole. *Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011).

**Section 2.05 Instruction (case number D41235-CR/ 10-22-00023-CR)**

Hoyt was charged with and convicted of the second-degree felony offense of possession with the intent to promote child pornography. TEX. PENAL CODE § 43.26(a)(1), (e), (g). A person commits the offense if the person knowingly or intentionally possesses *with intent to promote* "visual material that visually depicts," and the person knows the material visually depicts, a child, younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct. *See id.* A person is presumed to possess the material *with the intent to promote* the material if the person possesses visual material that contains six or more identical visual depictions of a child as described by section 43.26(a)(1). TEX. PENAL CODE § 43.26(f). When a presumption such as in section 43.26(f) is submitted to the jury, section 2.05 of the Texas Penal Code requires the trial court to instruct the jury that: (1) the facts giving rise to the presumption must be proven beyond a reasonable doubt; (2) if so proven, the jury may find the presumed element exists, but is not bound to do so; (3) the State must prove beyond a reasonable doubt each other element of the offense; and (4) if the jury has a reasonable doubt as to existence of the facts giving rise to the presumption, it fails and is not to be considered for any purpose. TEX. PEN. CODE § 2.05(a). Hoyt complains the trial court failed to include the required section 2.05 instruction in the court's charge to the jury. Because Hoyt concedes he failed to object to the error, he therefore argues that to obtain reversal, the trial court's failure caused him egregious harm.

*Trial Court Error*

Texas statutory presumptions that benefit the State, like the one in section 43.26(f)

of the Texas Penal Code, are saved from being unconstitutional mandatory presumptions only when the language in section 2.05 of the Texas Penal Code is included in the jury instructions. *Hollander v. State*, 414 S.W.3d 746, 754 (Tex. Crim. App. 2013) (Cochran, J., concurring). *See Willis v. State*, 790 S.W.2d 307, 310 (Tex. Crim. App. 1990). The trial court instructed the jury that "[a] person who possesses visual material that contains six or more identical visual depiction[s] of a child that would constitute an offense under this section is presumed to possess the material with the intent to promote the material." *See* TEX. PENAL CODE § 43.26(f). However, the jury charge did not include the required section 2.05 instruction. Without the instruction, the charge contains an unconstitutional, mandatory presumption. *See Willis v. State*, 790 S.W.2d at 309-310.

The State concedes, and we agree with the concession, that the trial court erred in failing to include a section 2.05 instruction in the jury charge. Thus, we review the record to determine if the error caused egregious harm under the four-factor test set out previously. *See Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013).

### *Egregious Harm—the Jury Charge*

The jury charge does not inform the jurors that the facts underlying the presumption of intent to promote were required to be proved beyond a reasonable doubt before the jury could rely on the presumption to convict Hoyt. It properly instructs the jury regarding the State's general burden to prove all the essential elements of the offense beyond a reasonable doubt; but such a general instruction fails to educate the jurors that the facts underlying the presumption must be proved beyond a reasonable doubt before

they may rely on the presumption to convict. *See Hollander v. State*, 414 S.W.3d 746, 750 (Tex. Crim. App. 2013).

— *Arguments of Counsel*

Counsels' comments and arguments did not remedy the error in the charge. *See id*. The State specifically informed the panel about the presumption during voir dire, but neither side mentioned the burden of proof with respect to the presumption; the State and defense counsel simply asserted that the State must prove Hoyt's guilt beyond a reasonable doubt. During opening statements, neither side mentioned the burden of proof regarding the presumption, and only the defense reminded the jury that the State generally carried the burden of proof. Further, neither party's arguments expressed the burden of proof with respect to the presumption. During the State's closing argument, however, the State reminded the jury about the presumption but did not inform them of the State's burden to prove that presumption or what had to happen before the jury could use the presumption to find Hoyt guilty. The State's argument improperly suggested that mere possession of six or more images of child pornography were sufficient to use the presumption.

— *the Evidence*

In an egregious-harm analysis, the question is not simply whether, when viewed in the light most favorable to the verdict, the jury *could* rationally have found the facts giving rise to the presumption beyond a reasonable doubt. *See Hollander v. State*, 414 S.W.3d 746, 751 (Tex. Crim. App. 2013). Rather, a reviewing court must evaluate the likelihood, considering the record as a whole, that a properly instructed jury *would* have

found the facts giving rise to the presumption beyond a reasonable doubt. *See id.*

Here, the State made little, if any, effort to establish Hoyt's guilt independently of the section 43.26(f) presumption. There was testimony that images were uploaded to a Google account, and there was testimony that an upload occurs when something is sent to the internet. But there was no testimony explaining that images uploaded showed an intent to promote the images.[1] The State only concluded in its closing argument that uploading to the internet meant promoting. Further, it proffered no evidence, that we could discern, of facts giving rise to the presumption; that is, that Hoyt possessed visual material containing six or more *identical* visual depictions of a child. At one point in the trial, the State pointed to "a photograph image 200420069" in State's Exhibit 98 and asked a witness if he had "seen those before." The witness replied that "these" came off of Hoyt's cell phone. The witness was then directed to an image in State's Exhibit 97 and asked where "that image came off of." The witness replied that it came from the seized desktop computer and acknowledged that the image on the desktop appeared to be the same image that was on the cell phone. It is unclear from the testimony how many images were the same and where these images were within the voluminous State's Exhibits 97 and 98. No other attempts were made to prove to the jury that six or more *identical* visual depictions of a child were possessed by Hoyt.[2]

---

[1] The word, promotion, was defined in the charge as: "… to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do any type of child pornography."

[2] The State concedes that the jury did not have sufficient evidence to find that Hoyt possessed six or more identical visual depictions of child pornography. At most, the State admits, Hoyt possessed three identical images between his cell phone, a computer, and Google account.

The State contends, however, that Hoyt did not contest the intent to promote element and thus, no egregious harm is shown. We disagree with the State. Hoyt's entire defense was centered on the assertion that he was not the one who possessed the images. That defense necessarily includes the assertion that if he did not possess them, he did not promote them. Consequently, after reviewing the record, the likelihood that a properly instructed jury would have found the facts giving rise to the presumption beyond a reasonable doubt is low.

### — Other Relevant Factors Revealed

Another item relevant to our consideration is a jury note about the definition of promotion. The jury note stated:

> Clear definitions [sic] of "promote" is requested. Do all aspects have to be met, or is it at any aspect of the definition? There is language that is not clear in this definition.

The trial court responded, "You have all the law before you."

The State asserts that this question by the jury shows it did not rely on the presumption and thus, any harm in the failure to provide a section 2.05 instruction is theoretical and not egregious. Hoyt could not be actually harmed by an omitted instruction, the State continues, if the jury did not indulge in the presumption at all. Again, we disagree with the State.

The jury was never told that if the State did not prove the facts giving rise to the presumption, the jury could not use the presumption. This was part of the required section 2.05 instruction which the jury did not have. Simply because the jury did not understand the definition of promotion does not mean the jury did not use the

presumption when it was not properly instructed on its use.

— *Conclusion*

After considering the necessary factors and the entire record, we hold that the error in the jury charge affected the very basis of the case and deprived Hoyt of a valuable right. Thus, the error caused egregious harm. Hoyt's first issue is sustained.

**Unanimity (both case numbers)**

Hoyt was charged with 10 counts of possession of child pornography with the intent to promote the child pornography and 10 counts of possession of child pornography. Fifty-six separate photographs of alleged pornography were admitted into evidence. A pediatrician testified that, in her opinion, at least 36 of those photographs depicted children.

In his second issue, Hoyt complains the trial court erred in failing to instruct the jury as to the unanimity of its verdict for each count for both offenses. Specifically, Hoyt contends the jury was not instructed as to how to use the photographs that were introduced into evidence; for example, which photographs could be considered, whether the photographs could be considered in both cases, or whether the jury had to unanimously find individual photographs for each count as described in the indictments to determine guilt. And because Hoyt did not object to that omission in the charge, he argues, as he must to prevail, that the error caused egregious harm.

Texas law requires that a jury reach a unanimous verdict about the specific crime the defendant committed. *Cosio v. State*, 353 S.W.3d 766, 771 (Crim. App. 2011). This means that every juror must agree that "the defendant committed the same, single,

specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). A non-unanimous verdict may occur when the State charges an offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions. *See Cosio*, 353 S.W.3d at 772. Each of the multiple occasions individually establishes a different offense or unit of prosecution. *Id.*

In child pornography cases, the possession of each item of child pornography constitutes a separate offense or "unit of prosecution." *See Vineyard v. State*, 958 S.W.2d 834, 838 (Crim. App. 1998). In other words, each item of child pornography found in a defendant's possession constitutes a separate offense for which the defendant may be prosecuted. *Witt v. State,* 237 S.W.3d 394, 397 (Tex. App.—Waco 2007, pet. ref'd) (*citing Vineyard,* 958 S.W.2d at 838). Thus, each separate offense must be subject to a single unanimous verdict. *See Cosio*, 353 S.W.3d at 773. To ensure unanimity in this instance, the court's charge "would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Cosio,* 353 S.W.3d at 772. A general instruction that the jury must agree unanimously on each count is not sufficient to prevent a non-unanimous verdict. *Id.* at 773.

The State concedes, and we agree with the concession, that the trial court erred in failing to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented. Thus, we review the record for egregious harm.

### *Egregious Harm—the Jury Charge*

The only actual instruction on unanimity was an instruction in the "verdict" section stating that "You may return a verdict only if all twelve of you agree on this

verdict."[3]  A general instruction such as this is inadequate to inform the jury of the specific unanimity requirement.  The jury may have believed that it had to be unanimous about the verdict for each offense, but not about the specific image supporting each offense.  *See Cosio v. State*, 353 S.W.3d 766, 774 (Tex. Crim. App. 2011).

### — *Arguments of Counsel*

Under this factor, we look to whether any statements made by the State, Hoyt, or the trial court during the trial exacerbated or ameliorated error in the charge.  *Arrington v. State*, 451 S.W.3d 834, 844 (Tex. Crim. App. 2015).  Neither the parties nor the trial court said anything to the jury that the verdict as to each offense or the decision to use a specific photograph to support a conviction had to be unanimous.  In fact, no one mentioned, other than what was in the charge, unanimity at all until the jury returned its verdicts and the trial court confirmed the verdicts were unanimous.

### — *the Evidence*

We look to the state of the evidence to determine whether the evidence made it more or less likely that the jury charge caused appellant actual harm.  *Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015).  Actual harm occurs when the error in the jury charge affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.  *See Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

---

[3]  In the application paragraphs for each case, the trial gave an implied unanimity instruction but only in the situation where the jury did not believe the State proved its case:  "If you all agree the State failed to prove…."

Here, the State introduced 10 pornographic photograph exhibits into evidence that corresponded to the 10 counts of possession of child pornography with the intent to promote and another 10 of the same type of exhibits that corresponded to the 10 counts of possession of child pornography. The State introduced another 36 of the same type of exhibits without notations of a corresponding count or offense. A testifying pediatrician confirmed that many of these 56 exhibits were photos of children, but some might not be. Nevertheless, the parties told the jury that they could decide whether the exhibits were photographs of children; and in his argument, Hoyt conceded the photographs were of children.

Hoyt did not contest that child pornography was found on his computer, his cell phone, or a Google account with his email address. His defense was not based on the nature of the images; he did not challenge whether they were child pornography[4] or whether there were enough images to support each count individually. Rather, his defense was solely about possession: someone else must have downloaded the images, not him, because other people had access to his cell phone and computer.[5] This was an all-or-nothing defense which, by its verdicts, the jury rejected.

Thus, based on a review of the record, evidence that 20 of the photograph exhibits were labeled with the corresponding count and offense and that Hoyt only contested possession, it appears less likely that the jury charge error caused Hoyt actual harm.

---

[4] Hoyt's counsel admitted in argument that the images were child pornography.

[5] The State argued this as the SODDI defense: "some other dude did it."

*—Other Relevant Factors Revealed*

The State raises a potential relevant factor revealed in the record: a note by the jury regarding which photographs could be considered. The jury sent out the following note:

> Does our finding have to be based on the photos in the envelopes labled [sic] w/ the charge containing photos also labeled w/counts [undecipherable]---can all photos admitted as evidence be considered.

Unclear about what the jury was requesting, the trial court responded, "All evidence admitted can be considered in all charges."

Some of the photographic evidence in this case was contained in two manilla envelopes. Some had the corresponding counts/offenses written on them. Some had no notations and did not come in any envelopes. All the photographic evidence was, however, admitted without limitation, and the State was not requested to make an election. Thus, the response by the trial court was not incorrect. Further, the implication of the question is not, necessarily, that the jury wanted to use some of the same photographs for different counts or different offenses. Rather, it is more probable that on some of the counts within an offense, like the pediatrician, the jury could not determine whether a supporting photograph was an image of a child and wanted to know if they could consider the other photographs as evidence necessary to find Hoyt's guilt as to those counts.

*—Conclusion*

After considering the necessary factors and the entire record, we find the error in the jury charge did not affect the very basis of the case or deprive Hoyt of a valuable right

and thus, did not cause egregious harm.  Hoyt's second issue is overruled.

**PRONOUNCEMENT OF SENTENCE**

In his third issue, Hoyt contends that the oral pronouncements of his sentences in both cases conflict with the written judgments in that there was no oral pronouncement of a cumulation order for both cases.  Thus, his argument continues, the cumulation order in the judgments must be removed.

A defendant's sentence must be pronounced orally in his presence.  *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement.  *Id*. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.  *Id*.; *Freeman v. State*, 554 S.W.3d 816, 817 (Tex. App.—Waco 2018, no pet.).

The statement by the trial court which Hoyt contends was the pronouncement of his sentence and which he contends did not include a cumulation order of the two cases was not the trial court's official pronouncement of the sentence.  What Hoyt relies on was simply a statement by the trial court as to what the court's sentence would be for each case.  After that statement, the trial court reflected on Hoyt's character and behavior and clarified the State's confusion as to what the sentence would be.  The trial court then asked if there was any reason why the sentence should not be pronounced, to which Hoyt's counsel replied, "No, sir."  After this, the trial court stated:

> In Cause No. D41235, sir, you are sentenced to 11 years in the Texas Department of Criminal Justice Institutional Division.  You are remanded to the custody of the sheriff who will transport you to the appropriate

facility to begin serving out this sentence. This sentence, these sentences on all ten counts begin today. You will be given credit on whatever time you have received awaiting trial. Upon completion of that, then the five years in the Texas Department of Criminal Justice Institutional Division will begin for Counts 1 through 9. At the end of that term then you'll be sentenced to ten years in the Texas Department of Criminal Justice Institutional Division probated for a period of ten years where you are ordered to comply with the terms and conditions that the Court has previously stated on the record. Do you understand?

Hoyt replied, "Yes, sir." The judgments reflect this pronouncement.

Accordingly, there is no conflict between the oral pronouncement of the sentences and the judgments. Hoyt's third issue is overruled.

CONCLUSION

Having sustained Hoyt's first issue, we reverse the trial court's judgment in appellate case number 10-22-00023-CR/trial court case number D41235-CR and remand this case to the trial court.

Having overruled Hoyt's second and third issues, we affirm the trial court's judgment in appellate case number 10-22-00024-CR/trial court case number D41237-CR.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Reversed and remanded
Affirmed
Opinion delivered and filed April 19, 2023
Do not publish
[CR25]