

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00344-CR

**DERRICK LASHUN HICKS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. F016-23

---

## MEMORANDUM OPINION

---

Appellant, Derrick Lashun Hicks, appeals from the trial court's judgment adjudicating his guilt, revoking his community supervision, and sentencing him to 23 months in state jail for the offense of Theft of Property Less Than $2,500 with Two or More Prior Convictions.  *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D).  In five issues, Appellant challenges the validity of the trial court's order originally placing him on deferred adjudication community supervision, asserts that the assessed fine and restitution in the

judgment adjudicating his guilt should be deleted from the written judgment and bill of costs, and requests modification of the judgment adjudicating his guilt to reflect that he pled "not true" to the allegations in the State's motion to adjudicate. We modify the "Judgment Adjudicating Guilt Nunc Pro Tunc" and the bill of costs to delete the assessed restitution, reform the judgment to reflect that Appellant made "no plea" to the State's allegations, and affirm the judgment as modified.

## Validity of the Order of Deferred Adjudication

In his first and second issues on appeal, Appellant challenges the validity of the trial court's order deferring adjudication of his guilt, arguing that the record from his original plea proceeding does not reflect his knowing and intelligent waiver of his right to a jury trial or his entry of a guilty plea to the charged offense.

An application for writ of habeas corpus under Article 11 of the Texas Code of Criminal Procedure is the proper procedural vehicle to challenge the voluntariness of a plea-bargaining defendant's plea. *See Jordan v. State*, 54 S.W.3d 783, 786-87 (Tex. Crim. App. 2001); *Carnley v. State*, 682 S.W.3d 287, 288 (Tex. App.—Waco 2023, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.

We therefore dismiss Appellant's first and second issues because we have no jurisdiction to consider them.

**Assessment of Fine and Restitution**

In his third issue, Appellant argues that the trial court improperly imposed a fine and restitution in the judgment adjudicating his guilt because the trial court did not orally pronounce the fine or the restitution during sentencing at the adjudication hearing. In his fourth issue, Appellant argues that the fine and restitution should also be deleted from the bill of costs.

RELEVANT LAW

A trial court is required to orally pronounce a defendant's sentence; the judgment is merely the written declaration of that oral pronouncement. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the record of the proceedings reflects that the oral pronouncement and written judgment differ, the oral pronouncement controls. *Id*. A fine is punitive in nature and intended to be part of a defendant's sentence; therefore, it must be orally pronounced. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Restitution must also be pronounced on the record as part of a defendant's sentence. *See Freeman v. State*, 554 S.W.3d 816, 817 (Tex. App.—Waco 2018, no pet.).

When a defendant is placed on deferred adjudication community supervision, no sentence is imposed. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). If the defendant's guilt is subsequently adjudicated, the order adjudicating guilt sets aside the

order deferring adjudication, including any previously assessed fine or restitution. *See id.*; *Freeman*, 554 S.W.3d at 817. Therefore, in order for a fine or restitution order to be part of the defendant's sentence, they must be orally pronounced by the trial court when the defendant's guilt is adjudicated. *See id.*

DISCUSSION

Here, the trial court's Order of Deferred Adjudication included a fine in the amount of $200 and restitution to Wal-Mart in the amount of $99. After adjudicating Appellant's guilt, the trial court's oral pronouncement of Appellant's sentence included only his term of imprisonment. Though the trial court made no mention of the fine or restitution during sentencing, the written Judgment Adjudicating Guilt included the $200 fine and $99 restitution.

Appellant filed his notice of appeal from the trial court's judgment adjudicating his guilt. His original appellate counsel subsequently filed an *Anders* brief with this Court. *See generally Anders v. California*, 386 U.S. 738 (1967). After our independent review of the record revealed that arguable grounds for appeal existed, including that Appellant was assessed a fine in the written judgment that was not pronounced orally at sentencing when his guilt was adjudicated, we abated this appeal for the trial court to withdraw the appointment of the original counsel and appoint new counsel to pursue this appeal. Along with the trial court's order appointing new appellate counsel, the trial court clerk filed in this Court a "Judgment Adjudicating Guilt Nunc Pro Tunc" entered while the

appeal was abated, as well as a new certified bill of costs. In the nunc pro tunc judgment, the trial court deleted the $200 fine. The accompanying bill of costs indicates that Appellant will not have to pay the fine due to his indigent status. However, the $99 restitution order is still assessed in the nunc pro tunc judgment and in the accompanying bill of costs.

Because the trial court's Judgment Adjudicating Guilt Nunc Pro Tunc and accompanying bill of costs resolved Appellant's complaints in his third and fourth issues about the assessment of the $200 fine, the complaints regarding the fine are moot and we dismiss those complaints. *See Palacio v. State*, 685 S.W.3d 160, 162-63 (Tex. App.—Waco 2023, no pet.). However, because the trial court did not orally pronounce the $99 restitution order when Appellant was adjudicated, we sustain Appellant's third and fourth issues, in part, and modify the Judgment Adjudicating Guilt Nunc Pro Tunc and the bill of costs to delete the assessed $99 restitution order.

## Plea to the State's Motion to Adjudicate

The Judgment Adjudicating Guilt Nunc Pro Tunc currently reflects that Appellant pled "True" to the allegations in the State's motion to proceed to adjudication of guilt. In his fifth issue, Appellant requests that we modify the judgment to reflect that he contested the allegations in the State's motion to adjudicate and suggests that the judgment should state that he pled "not true." The State is not opposed to the requested modification.

The record supports the parties' agreement that the written judgment adjudicating guilt incorrectly reflects that Appellant pled "true" to the allegations in the State's motion to adjudicate. However, rather than a plea of "not true," the record reflects that the trial court did not ask for – and Appellant did not enter – any plea to the allegations in the State's motion to adjudicate.[1] A court of appeals has authority to correct or reform a judgment to make a record speak the truth when it has the information to do so. *See* TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). As such, we sustain Appellant's fifth issue, in part, and modify the nunc pro tunc judgment to reflect a "no plea" entry under the heading "Plea to Motion to Adjudicate."

**Conclusion**

The Judgment Adjudicating Guilt Nunc Pro Tunc and the bill of costs are modified to delete the $99 order of restitution. The nunc pro tunc judgment is further modified to reflect that Appellant entered "no plea" to the State's allegations. Having dismissed all of Appellant's other issues on appeal, we affirm the judgment of the trial court as modified.[2]

STEVE SMITH
Justice

---

[1] *See Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977) (holding that due process does not require that a plea be entered in a revocation proceeding); *see also Spencer v. State*, No. 02-21-00240-CR, 2022 Tex. App. LEXIS 8632, 2022 WL 17173133, at *9-10 (Tex. App.—Fort Worth Nov. 23, 2022, no pet.) (mem. op., not designated for publication) (applying *Detrich* to an adjudication proceeding).

[2] All pending motions are dismissed as moot.

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray dissents)
Affirmed as modified
Opinion delivered and filed November 14, 2024
Do not publish
[CR25]

