

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00195-CR
### No. 10-23-00196-CR

**TABRICK DAVION WASHINGTON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court Nos. D37946-CR and D42093-CR

## MEMORANDUM OPINION

Tabrick Davion Washington pled true to the State's motion to revoke community supervision probation for the offense of repeat violation of a protective order and was sentenced to eight years in prison (trial court case number D37946-CR, appellate case number 10-23-00195-CR). In the same hearing, he pled guilty to the offense of violation of a protective order with two previous convictions and was sentenced to 11 years in prison (trial court case number D42093-CR, appellate case number 10-23-00196-CR).

Because Washington pled true to a punishment enhancement provision in trial court case number D42093-CR, the evidence is sufficient to prove the enhancement allegation, Washington's punishment is not void, and the judgment does not need to be reformed to reflect a plea of not true. Further, because the judgments in both trial court case numbers do not reflect that they are to run concurrently, the judgments are modified to add concurrent language, and as modified, are affirmed.

**TRIAL COURT CASE NUMBER D42093CR**

Washington's first three issues involve whether Washington pled true to a punishment enhancement allegation in trial court case number D42093-CR, and if not, whether the State proved the enhancement.

Washington was charged with the offense of violation of a protective order with two or more previous convictions, a third-degree felony punishable by confinement in prison for two to 10 years. TEX. PENAL CODE §§ 25.07(g)(2); 12.34(a). A punishment enhancement of a prior felony conviction was also alleged in the indictment.

When a defendant is a repeat or habitual offender, the Texas Penal Code gives the State the ability to request and prove an increased punishment range for that defendant. *See* TEX. PENAL CODE § 12.42. As it applies to this case, if it is shown on the trial of a felony of the third degree that the defendant had previously been finally convicted of a felony other than a state jail felony, on conviction, the defendant shall be punished for a felony of the second degree. TEX. PENAL CODE § 12.42 (a).

The State has the burden to prove that any prior conviction used to enhance a sentence was final under the law and that the defendant was the person previously

convicted of that offense. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). No specific document or mode of proof is required to prove these two elements. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). A plea of "true" satisfies the State's burden of proof. *Harvey v. State*, 611 S.W.2d 108, 111-112 (Tex. Crim. App. 1981). An accused, having entered a plea of "true" to an enhancement paragraph, cannot then be heard to complain that the evidence is insufficient to support the same. *Id*.

Washington claims that he never pled true to, and the State did not otherwise prove, the enhancement. Thus, his argument continues, the evidence is insufficient to prove the enhancement, his punishment is void because it exceeds the punishment range for the unenhanced punishment, and the judgment should be reformed to reflect a plea of not true to the enhancement.

But Washington did plead true to the punishment enhancement. Prior to court, he signed a document entitled, "Felony Waivers, Confession, and Agreement," in which he agreed to plead guilty to the offense and true to the enhancement contained in the indictment. This document was introduced into evidence with no objection from Washington. Washington affirmed to the court that before signing the document, he spoke with his attorney about the document, and he understood what he was doing. He also understood that his punishment range was for a second degree felony, that being anywhere from two to 20 years in prison. At the sentencing hearing, the trial court found the enhancement allegation to be true and sentenced Washington within the range of a second-degree felony offense.

While the best practice is to obtain the plea of true on the record; here, by

introduction of the plea papers without objection, the State met its burden to prove the enhancement offense. Thus, the evidence was sufficient, and the sentence within the range of a second degree felony was authorized. Accordingly, Washington's issues one, two, and three are overruled.

**BOTH TRIAL COURT CASES**

In his fourth issue, Washington complains that the oral pronouncement of his sentences conflicted with the written judgments and that each were unclear.

A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the defendant is convicted of more than one offense in the same proceeding, the court must pronounce whether the sentences will run concurrently or consecutively. *See* TEX. CODE CRIM. PROC. art. 42.08; *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002); *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006, pet. ref'd). The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. *Taylor*, 131 S.W.3d at 500.

When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Id.*; *Freeman v. State*, 554 S.W.3d 816, 817 (Tex. App.—Waco 2018, no pet.). An appellate court may reform cumulation orders on appeal when the necessary data and evidence is before it. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). Where the pronouncement of the sentence is ambiguous, we may read the verdict, the court's pronouncement, and the written judgment together to resolve the ambiguity. *Aguilar v. State*, 202 S.W.3d 840, 843

(Tex. App.—Waco 2006, pet. ref'd).

Washington contends there is both an ambiguity and a conflict: an ambiguity in that the oral pronouncement is not clear that the sentences in these two appeals would run concurrently and a conflict in that, if the pronouncement is clear that the sentences would run concurrently, the judgments do not reflect that pronouncement.

Prior to the pronouncement of the sentences, the trial court stated:

Let me go back on the record in both Cause Nos. The Motion to run Consecutive is granted as to -- the two Navarro County cases will run concurrently with each other. They will -- but these two are consecutive to the Henderson County case, which is CR23-0013-3. Is that -- I think that's clear now; is that correct.

Defense counsel agreed.

Immediately after counsel's agreement, the court pronounced Washington's sentence:

Okay. So, again, Mr. Washington, you have a Right of Appeal, and I will make docket entries that the two Navarro County cases run concurrently; they do run consecutive to Henderson County.

In reviewing the pronouncement of the sentences and the conversation prior to the pronouncement, we find the sentences in both cases were ordered to run concurrently. However, the judgments do not reflect this order. The State agrees.

Washington's fourth issue is sustained. Accordingly, we modify the trial court's Nunc Pro Tunc Judgment Revoking Community Supervision in trial court case number D37946-CR to reflect:

THIS SENTENCE SHALL RUN: CONSECUTIVELY TO CR-23-0013-3 OUT OF THE 3RD DISTRICT COURT IN HENDERSON COUNTY AND CONCURRENTLY TO D42093-CR.

Further, we modify the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number D42093-CR to reflect:

THIS SENTENCE SHALL RUN: CONSECUTIVELY TO CR-23-0013-3 OUT OF THE 3RD DISTRICT COURT IN HENDERSON COUNTY AND CONCURRENTLY TO D37946-CR.

## CONCLUSION

Having overruled issues one through three pertaining solely to the trial court's judgment in case number D42093-CR but sustained issue four, we affirm as modified both the trial court's Nunc Pro Tunc Judgment Revoking Community Supervision, signed on June 23, 2023, and the trial court's Judgment of Conviction by Court—Waiver of Jury Trial, signed on June 13, 2023.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed in part, modified in part
Opinion delivered and filed December 30, 2024
Do not publish
[CR25]

