

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00190-CR

TIFFANY LEANNE DEWEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR20-00187

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Tiffany Leanne Dewey appeals the trial court's judgment revoking her regular community supervision and assessing two-years' imprisonment.[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.).  In a single issue, Dewey argues that the trial court improperly ordered restitution to the Texas Department of Public Safety (DPS) Crime Laboratory.  Because we agree, we delete the order to pay restitution and affirm the judgment, as modified.

## I.    Background

On November 16, 2020, Dewey pled guilty to possession of less than one gram of methamphetamine, a state jail felony, in Cooke County, Texas.  The trial court placed her on deferred adjudication community supervision for four years.  A condition of her community supervision was to "[p]ay $**180.00** to the District Clerk's Office for restitution/lab fee, said amount to be paid at the direction of the Compliance Officer."  That same day, the trial court filed a separate written order of restitution in the amount of $180.00 payable to the DPS Crime Laboratory.

On February 25, 2022, Dewey pled true to a motion to adjudicate, and the trial court adjudicated her guilty and placed on her regular community supervision for three years.  The admonishments, the judgment, and the conditions of the community supervision included restitution in the amount of $180.00.

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own.  *See* TEX. R. APP. P. 41.3.

Later, the State filed a motion to revoke Dewey's regular community supervision. On August 20, 2024, the trial court held a hearing on the motion to revoke. Christine Sandmann, with the Cooke County Community Supervision and Corrections Department, testified that Dewey still owed $180.00 in restitution. After hearing testimony, the trial court found that Dewey violated the terms and conditions of her regular community supervision,[2] revoked her regular community supervision, and sentenced her to twenty-four months in a state jail facility. During the oral pronouncement of her sentence, the trial court did not order restitution. However, the written judgment and a separate order filed the next day included restitution in the amount of $180.00. Dewey appeals.

## II.      Restitution to the DPS Crime Laboratory Was Improperly Assessed

In her sole point of error, Dewey argues the restitution should be deleted because the trial court did not orally pronounce it during sentencing.

### A.      Standard of Review

We review challenges to restitution orders under an abuse-of-discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). "An abuse of discretion by the trial court in setting the amount of restitution will implicate due-process considerations." *Campbell v. State*, 5

---

[2]The trial court found true that Dewey failed to report to community supervision for the months of November 2023 and on June 17, 2024; "failed to reside in an address approved by her community supervision officer"; failed to remain within the limits of Cooke County, Texas; "failed to participate in programs or counseling deemed necessary by the community supervisions officer" by failing to make appointments with the Texoma Community Center and not showing for other appointments; failed to receive mental health treatment, to take medications as directed, and to make appointments for follow up and her medication; and used alcohol and methamphetamine.

S.W.3d 693, 696 (Tex. Crim. App. 1999). Due process places three separate limits "on the restitution a trial court may order": (1) "the amount must be just and must be supported by a factual basis within [the record]," (2) "the restitution ordered must be [only] for the offense for which the defendant is criminally responsible," and (3) the restitution must be "for the victim or victims of the offense [for] which the offender is charged." *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd); *see Campbell*, 5 S.W.3d at 696–97.

"Restitution serves multiple purposes, including restoring the victim to the status quo and forcing an offender to address and remedy the specific harm that [s]he has caused." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). "A broad interpretation of the restitution statutes provides judges with 'greater discretion in effectuating opportunities for rehabilitating criminals, deterring future harms, and efficiently compensating victims.'" *Id.* (quoting *Lemos v. State*, 27 S.W.3d 42, 45 (Tex. App.—San Antonio 2000, pet. ref'd)). "However, the legislature has also recognized limits on the right to restitution: the amount of restitution must be just; [and] it must have a factual basis in the record . . . ." *Id.*

### B. Applicable Law

"[Restitution] may be ordered only to a victim of an offense for which the defendant is charged." *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (Supp.).

"[D]eletion of a written restitution order is appropriate . . . when the trial judge does not have statutory authority to impose the specific restitution order." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). "For example, . . . a trial judge does not have authority to order restitution to anyone except the victim(s) of the offense for which the defendant is convicted."

4

*Id.* at 757–58 (footnote omitted) (citations omitted). Imposition of restitution to someone other than a victim is a violation of due process. *Id.* at 758.

### C. Analysis

The trial court assessed $180.00 for restitution, to be paid to the DPS Crime Laboratory, presumably for the cost of testing the controlled substance found in Dewey's possession. When the trial court adjudicated and sentenced Dewey, it did not orally impose any restitution or fees, even though it originally assessed that restitution in the initial order placing Dewey on deferred adjudication community supervision. On that basis, restitution was improperly included in the judgment revoking Dewey's regular community supervision. *See Freeman v. State*, 554 S.W.3d 816, 817 (Tex. App.—Waco 2018, no pet.) (holding that general rule that oral sentencing controls applies to oral sentencing revoking deferred adjudication community supervision and stricking $180.00 restitution to DPS).

Moreover, even if the trial court had orally imposed restitution during sentencing on the motion to revoke, Dewey would have been entitled to have it deleted because "[a] trial court has no authority to order a defendant to reimburse the Texas Department of Public Safety for lab fees as a part of his sentence, and such fees are not properly the subject of a restitution order under article 42.037(a) of the Texas Code of Criminal Procedure." *Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.) (citing *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.)). Restitution, as defined by Article 42.037(a), may only be ordered to a victim. *Aguilar v. State*, 279 S.W.3d 350, 352 (Tex. App.—Austin 2007, no pet.); *see also Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999) ("This Court has concluded that the

5

focus of restitution orders are limited to the individuals alleged and proven to be the victims of the charged offense."); TEX. CODE CRIM. PROC. ANN. art. 42.037(a). The DPS crime laboratory is not a victim of Dewey's original crime. *See Aguilar*, 279 S.W.3d at 353 ("The expenses incurred by the Department of Public Safety in testing the methamphetamine found in Aguilar's possession were not sustained as a result of being the victim of a crime."); *Hanna*, 426 S.W.3d at 95 (holding that restitution requires "the damage must be a 'direct' result of the defendant's criminal offense").

A third reason is that

> a trial court may order a defendant who is convicted of an offense to pay restitution to either a victim of that offense or to a crime victim's assistance fund; however, a convicted defendant who is sentenced to a term of imprisonment may not be ordered to pay restitution to a law enforcement agency or an agency of the State of Texas, such as DPS.

*Beal v. State*, No. 11-22-00269-CR, 2024 WL 2335893, at *9 (Tex. App.—Eastland May 23, 2024, no pet.) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(a); *Hanna*, 426 S.W.3d at 91, 94.

Consequently, the trial court abused its discretion in ordering restitution.

We sustain Dewey's sole point of error.

6

**D.    Conclusion**

We modify the judgment by deleting the order to pay $180.00 in restitution.    As modified, we affirm the trial court's judgment and sentence.

Jeff Rambin
Justice

Date Submitted:    April 10, 2025
Date Decided:    July 14, 2025

Do Not Publish